Case No. 24-2060

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

**UNITED STATES OF AMERICA**
Plaintiff-Appellee

v.

**SAMANTHA GILLIAM**
Defendant-Appellant

*On Appeal from the United States District Court
for the Eastern District of Michigan*

**MOTION TO WITHDRAW PURSUANT TO *ANDERS V. CALIFORNIA*, 386 U.S. 738 (1967)**

TYLER M. CAVINESS
LAW OFFICE OF TYLER M. CAVINESS
625 Market Street, Suite 1000
Knoxville, Tennessee 37902
(865) 936-9499
tyler@cavinesslawfirm.com
*Counsel for Samantha Gilliam*

Pursuant to 6 Cir. R. 12 and *Anders v. California*, 386 U.S. 738 (1967), undersigned counsel respectfully moves this Honorable Court for entry of an order permitting him to withdraw as appellate counsel for the following reasons and those stated more fully in the supporting brief filed contemporaneously to this motion:

1. Counsel was appointed to represent Ms. Gilliam on May 8, 2025. *United States v. Gilliam*, Case No. 24-2060, *Order*, [Doc. 23] (6th Cir. May 8, 2025) (permitted initial appellate counsel to withdraw); *Ruling Letter*, [Doc. 26] (6th Cir. June 23, 2025).

2. During his representation of Ms. Gilliam, counsel has reviewed the entirety of the electronically available trial record, to specifically include transcripts from the following proceedings: October 25, 2022 pretrial release violation hearing, R. 95, Page ID # 815; November 23, 2023 bond violation hearing, R. 94, Page ID # 796; January 18, 2024 pretrial conference, R. 93, Page ID # 767; April 30, 2024 plea hearing, R. 89, Page ID # 694; November 21, 2024 sentencing hearing, R. 88, Page ID # 653.

3. Based on a thorough review of the case, it is counsel's opinion that there are no issues of arguable merit that could be raised on direct appeal.

4. In the brief filed in support of this motion, counsel presents an issue of potentially arguable merit related to the insufficiency of the factual basis in the plea agreement for Ms. Gilliam's plea to Count One of the second superseding indictment

1

which charged her with conspiracy to engage in sex trafficking.

  a. The crux of this argument is based on the Government's theory – and the information in the plea agreement – that Ms. Gilliam and her co-defendant were aware that the victims in this case suffered from drug addiction. According to the plea agreement, with this awareness, Ms. Gilliam and her co-defendant conspired to use threats of withholding drugs, thus placing the victims at risk of "withdrawal symptoms," to coerce them to commit commercial sex acts.

  b. However, as argued in the supporting brief, "withdrawal symptoms" is not such a well-defined phrase that, by itself, can establish that the victims were at risk of "serious harm," as defined by 18 U.S.C. §1591(e)(5). Without any additional evidence in the record as to what health conditions may have afflicted the victims due to the denial of drugs, or why they were controlled by Mr. Summerlin's supply of drugs and unable to otherwise secure drugs to avoid withdrawals, the facts in the plea agreement fail to meet the coercion element of 18 U.S.C. § 1591.

  c. Since the district court did not ensure that a sufficient factual basis existed for the plea, the court failed to comply with Fed. R. Crim. P. 11(b)(3), and Ms. Gilliam should be permitted to withdraw her plea.

5. While the issue related to the factual basis of the plea could have merit,

Ms. Gilliam likely cannot overcome the appellate waiver in the plea agreement. As stated further in counsel's brief, there is affirmative evidence in the record that Ms. Gilliam knowingly and voluntarily agreed to the appellate waiver while being provided opportunities to express questions or reservations, if she had them.

6. Based on counsel's review of the case, the appellate waiver is likely valid, and forecloses argument of any potential issues at this stage of the case. While Ms. Gilliam may have claims against trial counsel related to the plea, that evidence has not yet been developed in the record.

7. For these reasons, and those stated more fully in the brief filed in support of this motion, counsel respectfully moves this Honorable Court for entry of an order permitting him to withdraw as appellate counsel.

Respectfully submitted,

/s/ Tyler M. Caviness
TYLER M. CAVINESS (TN BPR #036273)
LAW OFFICE OF TYLER M. CAVINESS
625 Market Street, Suite 1000
Knoxville, TN 37902
(865) 936-9499
tyler@cavinesslawfirm.com
*Counsel for Samantha Gilliam*

# CERTIFICATE OF SERVICE

Pursuant to Fed. R. App. P. Rule 25(d), I hereby certify that a true and exact copy of the foregoing was forwarded, via the Court's electronic filing ("ECF") system, this 13th day of November, 2025, to:

> Tara Hindelang
> Assistant United States Attorney
> 211 West Fort Street, Suite 2001
> Detroit, Michigan 48226
> (313) 226-9543
> *Counsel for the Government*

Pursuant to 6 Cir. R. 12(c)(4)(C), I certify that a true and exact copy of the foregoing was forwarded via USPS First Class Mail, this 13th day of November to:

> Samantha Gilliam. Register No. 89403-509
> FCI Hazelton
> P.O. Box 5000
> Bruceton Mills, WV 26525

I further certify that, on this the 13th day of November, I provided written notice to Ms. Gilliam that she has twenty-one days from the date of service to file a brief in support of reversal of her conviction.

> /s/ Tyler M. Caviness
> TYLER M. CAVINESS